UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT W. CHRISTIE and AMANDA
CHRISTIE, husband and wife,

    Plaintiffs,

v.                                    Civil Action no. 2:18-cv-1458

ESTATE OF JAMES SCOTT WALRAVEN,
deceased, JOHN DOE and/or JANE DOE,
Administrator/Administratrix of THE
ESTATE OF JAMES SCOTT WALRAVEN,
deceased, CONTINENTAL CASUALTY COMPANY,
INC., A/K/A CONTINENTAL CASUALTY COMPANY,
A/K/A/ THE CONTINENTAL CORPORATION, AKA
CNA GROUP LIFE ASSURANCE COMPANY, an
Illinois corporation; LOCKTON AFFINITY, LLC,
a Missouri limited liability company;
and COLUMBIA CASUALTY COMPANY, a subsidiary
or affiliate of CONTINENTAL CASUALTY
COMPANY, INC., an Illinois corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion of plaintiffs Robert W. Christie and Amanda Christie to bifurcate and stay all issues of damages and liability in the plaintiffs' personal injury claims from all matters relating to the plaintiffs' insurance coverage, filed February 11, 2019. On March 25, 2019, defendant Lockton Affinity, LLC filed a response in support of the motion to bifurcate and stay, and defendants Columbia Casualty Company and

1

Continental Casualty Company filed a motion for joinder in the motion to bifurcate and stay. The motion for joinder is granted.

This case arises from an automobile accident that occurred November 15, 2017 on West Virginia State Route 2 near Parkersburg, West Virginia. Compl. ¶ 1. James Scott Walraven, an alleged uninsured driver, allegedly negligently caused the accident by driving despite having an illness that caused him to lose consciousness and, in this instance, caused him to cross the double yellow centerline and collide with the automobile driven by plaintiff Robert W. Christie. Id. ¶¶ 22, 30. Mr. Walraven died in the accident, and Mr. Christie suffered, inter alia, injuries causing medical and related expenses amounting to approximately $248,101.84. Compl. ¶ 65.

Mr. Christie is the managing member of Extended Care Services, LLC, which, at the time of the accident, was insured by Continental Casualty Company under a comprehensive general liability insurance policy, including one million dollars' worth of bodily injury liability coverage for non-owned automobiles. Id. ¶¶ 7, 11. Mr. Christie made a claim under Extended Care Services, LLC's insurance policy, which was denied. Id. ¶ 16, 17.

Mr. Christie brings four counts against the defendants: negligence of James Scott Walraven (Count I); coverage under Extended Care Services, LLC's insurance policy (Count II)[1]; damages (Count III)[2]; loss of consortium by Amanda Christie (Count IV); violations of the West Virginia Unfair Trade Practices Act (Count V); common law bad faith against Continental Casualty Company (Count VI); and negligence and breach of contract and fiduciary duties against Lockton Affinity, LLC, the company which assisted Mr. Christie and Extended Care Services, LLC in procuring the insurance policy (Count VII).

The parties now seek to bifurcate Mr. Christie's coverage claim -- Count II -- and stay the remaining issues. The plaintiffs "contend that all matters concerning insurance coverage should be litigated and discovered first so that adjudication on those matters precedes the litigation and discovery of liability and damages and all extra-contractual claims which have been alleged." Plaintiffs' Memo. in Support,

---

[1] This count is entitled in the complaint "Additional Facts Related to the Plaintiffs' Claims Against John Doe for Underinsured Motorist Coverage. The paragraphs thereunder allege that Mr. Christie was wrongfully denied his claim.

[2] This count, consisting of two paragraphs, simply alleges the type and extent of damages to which Mr. Christie alleges he is entitled.

ECF # 32 at 2. Defendant Lockton Affinity, LLC, agrees, stating that "bifurcation of Count II from all other causes of action is the most efficient and effective way to proceed . . . [and] will be conducive to the expedient resolution of the case, promote judicial economy and convenience, and avoid prejudice." Response in Support, ECF # 37 at 1-2. Defendants Columbia Casualty Company and Continental Casualty Company agree, stating that the "resolution of the coverage issues is likely to resolve all other issues between the parties, including the underlying liability and damages related to the subject accident, the alleged extracontractual, common law bad faith and statutory bad faith[,]" and that "bifurcation of Count II from all other causes of action is the most efficient and effective way to proceed; that it will be conducive to expedition of the case, judicial economy and convenience; and that it will avoid prejudice." Motion for Joinder, ECF # 38 at 1-2.

Federal Rule of Civil Procedure 42(b) provides as follows:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). In <u>Light v. Allstate Ins. Co.</u>, 203 W.

Va. 27, 506 S.E.2d 64 (1998), the Supreme Court of Appeals of West Virginia revisited its holding in State ex rel. State Farm Fire & Casualty Co. v. Madden, 192 W. Va. 155, 451 S.E.2d 721 (1994). In Madden, it was implied that bifurcation and stay of a third-party claim of bad faith against an insurer are mandatory; however, the Light decision provides that "in a first-party bad faith action . . . ., bifurcation and stay of the bad faith claim from the underlying action are not mandatory," thus leaving it to the discretion of the court. Id. 203 W. Va. at 35, 506 S.E.2d at 72; see Scarberry v. Huffman, No. 3:10-0831, 2010 WL 4068923, 2010 U.S. Dist. LEXIS 110239 (S.D. W. Va. Oct. 15, 2010).

To guide the trial court's exercise of discretion concerning the propriety of a bifurcation and stay, Light contains six applicable factors for consideration: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. Id. The proponent of the stay and bifurcation bears the burden of persuasion. Id.

The plaintiffs contend that "not only are these factors satisfied by the facts of this case, but the parties agree that bifurcation is the best way to proceed." ECF # 32 at 2. The court agrees. Particularly, inasmuch as the plaintiffs are the party seeking bifurcation, they would not suffer any undue prejudice if their motion is granted. Moreover, the parties agree that partial discovery will be more efficient and effective, and that a resolution of Count II may resolve all other claims. Accordingly, and for further reasons appearing to the court, it is ORDERED that the plaintiffs' motion for bifurcation and stay be, and it hereby is, granted.

It is further ORDERED that Count II be bifurcated from the remaining counts, and that all discovery except that related to Count II, be, and it hereby is, stayed until further order of the court.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED: April 4, 2019

John T. Copenhaver, Jr.
Senior United States District Judge