UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


ROBERT W. CHRISTIE and AMANDA
CHRISTIE, husband and wife,

    Plaintiffs,

v.                                          Civil Action no. 2:18-cv-1458

ESTATE OF JAMES SCOTT WALRAVEN,
deceased, JOHN DOE and/or JANE DOE,
Administrator/Administratrix of THE
ESTATE OF JAMES SCOTT WALRAVEN, deceased,
CONTINENTAL CASUALTY COMPANY, INC.,
A/K/A CONTINENTAL CASUALTY COMPANY,
A/K/A/ THE CONTINENTAL CORPORATION, AKA
CNA GROUP LIFE ASSURANCE COMPANY, an
Illinois corporation; LOCKTON AFFINITY,
LLC, a Missouri limited liability company;
and COLUMBIA CASUALTY COMPANY, a subsidiary
or affiliate of CONTINENTAL CASUALTY
COMPANY, INC., an Illinois corporation,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the motion of defendant Lockton Affinity Series of Lockton Affinity, LLC ("Lockton")[1] to dismiss plaintiffs' claims for negligence and breach of fiduciary duty, filed November 26, 2018. On December 10, 2018, the plaintiffs filed a response in opposition, to which the defendant did not reply.

---

[1] Lockton asserts that it is erroneously identified in the complaint as Lockton Affinity, LLC.

1

This case arises from an automobile accident that occurred November 15, 2017 on West Virginia State Route 2 near Parkersburg, West Virginia.  Compl. ¶ 1.  James Scott Walraven, an alleged uninsured driver, allegedly negligently caused the accident by driving despite having an illness that caused him to lose consciousness and, in this instance, caused him to cross the double yellow centerline and collide with the automobile driven by plaintiff Robert W. Christie.  Id. ¶¶ 22, 30.  Mr. Walraven died in the accident, and Mr. Christie suffered, inter alia, injuries causing medical and related expenses amounting to approximately $248,101.84.  Id. ¶ 65.

Mr. Christie is the managing member of Extended Care Services, LLC ("the insured") which, at the time of the accident, was insured by Continental Casualty Company under a comprehensive general liability insurance policy, including one million dollars' worth of bodily injury liability coverage for non-owned automobiles.  Id. ¶¶ 7, 11.  Mr. Christie made a claim "for uninsured motorist coverage benefits" under Extended Care Services, LLC's insurance policy, which was denied, allegedly "on the basis that 'There is no UM/UIM coverage afforded under the policy for this incident[.]'"  Id. ¶ 16, 17.

Mr. Christie brings seven counts against the defendants: negligence of James Scott Walraven (Count I); coverage under Extended Care Services, LLC's insurance policy (Count II)[2]; damages (Count III)[3]; loss of consortium by Amanda Christie (Count IV); violations of the West Virginia Unfair Trade Practices Act by Continental Casualty Company (Count V); common law bad faith against Continental Casualty Company (Count VI); and three causes of action -- negligence, breach of contract, and breach of fiduciary duties -- asserted in one count against Lockton Affinity, LLC, the company which assisted Mr. Christie and Extended Care Services, LLC in procuring the insurance policy (Count VII).[4]

---

[2] This count is entitled in the complaint "Additional Facts Related to the Plaintiffs' Claims Against John Doe for Underinsured Motorist Coverage. The paragraphs thereunder allege that Mr. Christie was wrongfully denied his claim.

[3] This count, consisting of two paragraphs, simply alleges the type and extent of damages to which Mr. Christie alleges he is entitled.

[4] On April 4, 2019, the court entered a memorandum opinion and order granting the plaintiffs' motion to bifurcate and stay all issues of damages and liability in the plaintiffs' personal injury claims from all matters relating to the plaintiffs' insurance coverage. Therein, the court ordered that Count II be bifurcated from the remaining counts, and that all discovery except that related to Count II be stayed until the further order of the court. Discovery as to those counts remain stayed.

Pertinent to this motion are the allegations contained in Count VII, which is the only count alleged against Lockton, and which consists of the three causes of action just noted. Therein, the plaintiffs allege that defendant Lockton procured the liability policy issued to Extended Care Services, LLC "in exchange for a fee or commission and thereby profited from the sale of the policy to the insured." Id. ¶¶ 99-100. Defendant Lockton allegedly "acted as an agent of the insured, in law and in fact, under the subject policy with respect to the procurement of the policy for and on behalf of the insured." Id. ¶ 101.

Plaintiffs allege that defendant Lockton owed it several duties. First, they allege that "[i]n procuring the policy for the insured, defendant Lockton owed a duty of reasonable care to the insured and its members and employees, including the duty to make sure that the process of procuring the policy for the insured was accomplished in accordance with the laws, statutes and regulations of the State of West Virginia[.]" Id. ¶ 102. Second, they allege that "[d]efendant Lockton also owed contractual duties to Extended Care Services, LLC and to its members and employees, who were beneficiaries of the insurance contract." Id. ¶ 103. Third, they allege that "[d]efendant Lockton, as agent for Extended Care Services, LLC,

4

its members and employees, also owed a higher fiduciary duty . . . [arising] out of the special relationship between agent and principal and reasonable reliance by the principal on the knowledge and expertise of the agent in procuring an important policy of liability insurance, and particularly automobile liability insurance of the excess type, fully in accordance with the requirements with West Virginia law[.]"  Id. ¶ 104.

Plaintiffs allege that defendant Lockton breached each of these duties "by its utter and complete failure to make certain that one or more of the other culpable defendants offered uninsured motorist coverage to the insured as required by West Virginia Code § 33-76-31f and applicable case law, by notifying the insured of that legal requirement, by recommending to the insured that it purchase said coverage on behalf of its members and employees, and by making sure that if the decision was made by the insured not to purchase uninsured motorist coverage in conjunction with the policy, that the proper forms required by West Virginia law were utilized such that the insured and, specifically, its managing member, Robert W. Christie, could make a knowing and intelligent selection or rejection of such coverage."  Id. ¶ 105.

As a result of the alleged "negligence, breach of contract and breach of fiduciary duty committed by defendant Lockton, Robert W. Christie, the managing member of Extended Care Services, LLC, was [allegedly] not afforded the opportunity required by West Virginia law to purchase uninsured motorists coverage . . . and was deprived of the opportunity to protect himself and the employees of his business from catastrophic loss[,]" including that which occurred as a result of the subject accident.  Id. ¶ 107.  Plaintiffs seek relief, inter alia, in the amount of attorneys' fees, compensatory damages and interest, "[t]he entry of an Order awarding annoyance, inconvenience and aggravation, and other extra-contractual damages, plus punitive damages."  Id. WHEREFORE Clause.  Defendant Lockton filed a motion to dismiss.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when there is a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of a motion to dismiss is underlain by two principles. First, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true. Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Second, the court must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Defendant Lockton seeks to dismiss only the negligence and breach of fiduciary duties claims of Count VII on the grounds that they are indistinguishable from the breach of contract claim, also of Count VII. This notion, otherwise known as the "gist of the action" doctrine, is described by the West

Virginia Supreme Court of Appeals as follows:

> Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.

Lockhart v. Airco Heating & Cooling, Inc., 211 W. Va. 609 Syl. Pt. 9 (2002). Under this doctrine, recovery in tort will be barred if any of the following factors is demonstrated:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 231 W. Va. 577, 586 (2013). "Succinctly stated, whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." Id.

Each of the duties allegedly owed to the plaintiffs arose from the parties' contract; the plaintiffs do not adequately plead the existence of any independent duty-imposing relationship. Rather, the alleged duty of reasonable care arose from the defendant's obligation under their contract "[i]n procuring the policy for the insured[,]" Compl. ¶ 102, and the

8

alleged fiduciary duty also arose from the defendant's role "in procuring an important policy of liability insurance," id. ¶ 104. Moreover, the tort claims are entirely duplicative of the breach of contract claim. Indeed, the allegations as to the breaches of each duty are contained in the same paragraph of the complaint, with no indication as to which alleged breach applies to which claim. Id. ¶ 5. It is thus apparent that the three causes of action are essentially identical, with the two tort actions simply being "[']breach of contract claims masquerading as' tort claims." Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., 783 F.3d 976, 982 (4th Cir. 2015) (quoting Gaddy, 231 W. Va. at 586). The tort actions must therefore be dismissed, allowing the plaintiffs to pursue their action against defendant Lockton in Count VII solely as a breach of contract.

It is, accordingly, ORDERED that the motion to dismiss be, and it hereby is, granted. It is further ORDERED that the plaintiffs' claims for negligence and breach of fiduciary duty, both found in Count VII of the complaint, be, and they hereby are, dismissed.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED: May 31, 2019

John T. Copenhaver, Jr.
Senior United States District Judge